UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| FEDERAL INSURANCE COMPANY | * | |
|---|---|---|
| | * | |
| VERSUS | * | CIVIL ACTION |
| | * | |
| NEW HAMPSHIRE INSURANCE COMPANY, ET AL | * | NO: 03-385-C-M2 |
| | * | |

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come New Hampshire Insurance Company ("New Hampshire") and AIG Technical Services, and for their answer to the Petition for Damages filed by Federal Insurance Company, with respect represent:

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims, which are the subject of the Petition, are barred by prescription and/or the applicable statute of limitations.

**AND NOW**, answering the enumerated paragraphs found in the Petition, New Hampshire and AIG Technical Services aver as follows:

1(i).

New Hampshire admits that it is a foreign insurance company and that it has issued policies of insurance to companies conducting business in the State of Louisiana. The remaining allegations contained in Article 1(i) are denied as written. The allegations contained in Article 1(i) do not pertain to AIG Technical Services and do not require an answer from this

defendant.

**1(ii).**

AIG Technical Services admits that it is a corporation organized under the laws of a State other than Louisiana. The remaining allegations contained in Article 1(ii) are denied as written. The allegations contained in Article 1(ii) do not pertain to New Hampshire and do not require an answer from this defendant.

**2.**

Defendants admit that New Hampshire issued a commercial umbrella policy, Number 595/XOO18360P, to Named Insured Thomas & Betts Corporation. The insurance policy issued by New Hampshire is a written document and is the best evidence of its terms, conditions, limitations, exclusions and endorsements, which are specifically pled as if copied herein *in extenso*. The remaining allegations contained in Article 2 of the Petition are denied as written.

**3.**

The allegations contained in Article 3 are denied as written, except to admit that based upon information and belief, Federal issued a policy of insurance to Thomas & Betts Corporation with limits of insurance attaching above the limits of insurance provided in New Hampshire policy No. 595/XOO18360P.

**4.**

The allegations contained in Article 4 are denied as written.

**5.**

The allegations contained in Article 5 are admitted.

**6.**

The allegations contained in Article 6 are admitted.

**7.**

The allegations contained in Article 7 are denied as written.

**8.**

The allegations contained in Article 8 are denied for a lack of information sufficient to justify a belief therein.

**9.**

The allegations contained in Article 9 are denied as written.

**10.**

The allegations contained in Article 10 are denied as written.

**11.**

The allegations contained in Article 11 are denied for a lack of information sufficient to justify a belief therein.

**12.**

The allegations contained in Article 12 are denied.

**13.**

The allegations contained in Article 13 are denied.

**14.**

The allegations contained in Article 14 are denied.

**15.**

The allegations contained in plaintiff's prayer for relief are denied.

**THIRD DEFENSE**

New Hampshire and AIG Technical Services specifically plead the terms, conditions, limitations, endorsements and exclusions of Policy No. 595/XOO18360P as if copied herein and *in extenso*. The coverages afforded by this policy are set forth in that written document, which is the best evidence of its terms.

**FOURTH DEFENSE**

Federal does not have a cause of action for an alleged breach of any duty owed the insured with respect to settlement.

3

## FIFTH DEFENSE

Defendants owed no duty to Federal in the defense and settlement of claims against their common insured.

## SIXTH DEFENSE

Defendants owed no duty of care or good faith performance to Federal.

## SEVENTH DEFENSE

Defendants breached no duty of care or good faith to the insured.

## EIGHTH DEFENSE

Defendants maintained the right to investigate, defend and settle claims as deemed expedient. The New Hampshire policy contains the following pertinent language:

> 1. We will defend any suit against the **Insured** seeking damages on account of **Bodily, Injury, Property, Damage, Personal, Injury** or **Advertising** or **Injury**. Even if such suit is groundless, false or fraudulent, but we have the right to investigate, defend and settle the claim as we deem expedient.

## NINTH DEFENSE

Federal cannot maintain a cause of action against defendants, due to the insured's failure to comply with Condition H of the New Hampshire policy, which provides in pertinent part:

> There will be no right of action against us under this insurance unless:
>
> 1. You have complied with all terms of the policy; and
>
> 2. The amount you owe has been determined with our consent or by actual trial and final judgment.

## TENTH DEFENSE

The insured's rights and duties under the policy may only be transferred with New Hampshire's written consent.

. Condition O of the New Hampshire policy provides in pertinent part as follows:

> Your rights and duties under this policy may not be transferred without our written consent.

4

## ELEVENTH DEFENSE

Federal's agreement to fund a settlement below its attachment point constituted an *ex gratia* payment and did not confer any subrogation rights to Federal.

## TWELFTH DEFENSE

Defendants' reserve their right to amend their answer to assert further affirmative defenses not included in this pleading.

**WHEREFORE**, defendants, New Hampshire Insurance Company and AIG Technical Services pray that this Answer be deemed good and sufficient and that, after due proceedings are had, the Court enter judgment in their favor, against the plaintiff, rejecting and dismissing the Complaint at plaintiff's cost and for reimbursement of attorneys' fees and costs expended in defending the action and for all other just and equitable relief as this Court deems proper.

Respectfully submitted,

**FRILOT L.L.C.**

/s/ Patrick J. McShane

**PATRICK J. McSHANE, T.A. (#19055)**
**DANICA C. BENBOW (#27376)**
**KATHLEEN M. PONTIER (#31291)**
1100 Poydras Street – Suite 3700
New Orleans, LA 70163-3600
Telephone (504) 599-8000
Facsimile (504) 599-8100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on all counsel to this proceeding by electronic transmission through the United States District Court's CM/ECF system and via facsimile on this 23rd day of April, 2009.

/s/ Patrick J. McShane