UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FEDERAL INSURANCE COMPANY  :   CIVIL ACTION

VERSUS  :   NO. 03-385-RET-CN

NEW HAMPSHIRE INSURANCE  :
COMPANY, ET AL

# AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, FEDERAL INSURANCE COMPANY ("Federal"), who supplements and amends its previously filed Petition for Damages (hereafter "Complaint"), in the following respects:

I.

To amend and supplement paragraph 1 of its original Complaint as follows:

1.

Made defendants are:

i.  NEW HAMPSHIRE INSURANCE COMPANY ("NHIC"), a foreign insurance company, who issued a policy or policies of insurance providing coverage for companies conducting business in the State of Louisiana; and

ii. AIG DOMESTIC CLAIMS, INC. ("AIGDC"), an entity formerly known as AIG TECHNICAL SERVICES, INC. ("AIGTS"), a foreign corporation, who served as the claims administrator on behalf of New Hampshire Insurance Company's under policy number 595/X001836OP.

II.

Federal reiterates the allegations set forth in paragraphs 2 through 5 in its original Complaint as if copied herein *in extenso*, and amends and supplements the original Complaint by adding the following paragraphs:

5(a).

The various suits in which Thomas & Betts Corporation was sued arising from the incident that occurred on July 5, 1999 at an alumina processing plant owned by Kaiser Aluminum Corporation located in Gramercy, Louisiana, were handled by defendants in an *in globo* fashion, referred to at times as: "Kaiser suits;" "Kaiser Lawsuits;" "Robinson, et al. (Kaiser Aluminum Plant explosion); "*In re* Kaiser;" or other similar fashion that indicates the inter-relatedness of the claims arising from the July 5, 1999 incident.

5(b).

For purposes of this litigation, the various suits in which Thomas & Betts Corporation was sued arising from the July 5, 1999 incident referenced above are identified by the term "Kaiser Litigation," which term generally refers to all litigation relating to the matter entitled *In re: Gramercy Plant Explosion at Kaiser*, bearing Master Docket Number 25,975, Division "D" of the 23rd Judicial District Court, Parish of St. James, State of Louisiana, which term expressly includes, but is not limited to, the related suit filed by Wayne Robins, et al. hearing Docket Number 26,671 of the 23rd Judicial District Court, Parish of St. James, State of Louisiana and all other claims or suits asserted by Terrance Hayes, Gary Guy, Todd Landry, Albert Jones, any other "inside the gate employees" or "outside the gate" claimants, Larouche, Kaiser, Kaiser's property insurers, AXA or any other of Kaiser's reinsurers.

5(c).

The various suits in the Kaiser Litigation were in large part consolidated for the purpose of discovery and trial.

5(d).

Because of the *in globo* handling of the various suits, overall litigation strategy necessarily involved numerous individual claimants.

5(e).

As a result, the claims handling decisions made relative to one claimant could impact and affect other related claims stemming from the same July 5, 1999 incident.

III.

Federal reiterates the allegations set forth in paragraph 6 in its original Complaint as if copied herein *in extenso*, and amends and supplements the original Complaint by adding the following paragraphs:

6(a).

In the course of the Kaiser litigation, counsel for Thomas & Betts Corporation recognized the necessity of settling with Wayne Robins to obtain strategical benefits to its defense strategy associated with having one of the major plaintiffs in the Kaiser litigation not directly aiming liability at Thomas & Betts Corporation.

6(b).

On or about October 7, 2001, the day before the 27-day trial commenced in the Kaiser litigation, counsel for Thomas & Betts Corporation thereby entered into an agreement with Wayne Robins to settle the claims of Wayne Robins.

6(c).

The terms of the agreement included the payment of sums to Wayne Robins, the right to a reversionary interest in sums received by Wayne Robins with other defendants in the suit, the assumption of Wayne Robins' and his counsel's contingent liability up to a stated sum, and assistance by Wayne Robins' counsel in effectuating settlements with other plaintiffs.

6(d).

The aggregate total to fund the entire settlement agreement entered into with Wayne Robins by counsel for Thomas & Betts was well within the limits of NHIC's policy.

-3-

6(e).

AIGDC and/or NHIC refused to fund the entirety of the settlement agreement that counsel for Thomas & Betts Corporation reached with Wayne Robins. In particular, on or about December 7, 2001, counsel for NHIC placed $5,000,000 into the registry of the court, and refused to pay other sums made part of the settlement agreement.

6(f).

AIGDC and/or NHIC's refusal to fund the entirety of the settlement agreement was despite the fact that total sum of the entire settlement with Wayne Robins was well within the limits of NHIC's policy and despite repeated demand by its insured, Thomas & Betts Corporation.

6(g).

AIGDC, formerly known as AIGTS, served as the claims administrator for NHIC in handling the Kaiser litigation. As the agent or servant of NHIC, any negligence or fault of AIGDC is imputed to NHIC who is liable therefor.

6(h).

Wayne Robins moved to enforce the settlement, and included within the motion, as amended, claims for additional damages and bad faith.

6(i).

During settlement discussions prior to the hearing on Wayne Robins' motion to enforce settlement and on its contingent liability, which was scheduled for January 18, 2002, the court indicated its intention to grant the motions.

6(j).

Had the motion been granted, a minimum adverse judgment in the amount of $1,200,000 would have been entered against Thomas & Betts Corporation.

6(k).

In light of this imminent risk of an adverse judgment and the ongoing Kaiser litigation, counsel for Thomas & Betts obtained an agreement to settle the remaining portion of Wayne Robins' claim.

-4-

IV.

Federal reiterates the allegations set forth in paragraphs 7 through 14 in its original Complaint as if copied herein *in extenso*, and amends and supplements the original Complaint by adding the following paragraph:

14(a).
 The payment for which Federal seeks reimbursement in this suit was made in April 2002.

V.

To substitute the following prayer for relief in place and stead of the prayer for relief contained in its original Complaint:

**WHEREFORE**, petitioner, Federal Insurance Company, prays that there be citation and service upon the defendants named herein and that, after due proceedings are had, there be judgment in its favor against New Hampshire Insurance Company and/or AIG Domestic Claims, Inc., for payment of the full amount Federal paid in settlement of the Wayne Robins, Jr., claim, plus interest, and for all costs of these proceedings.

Respectfully submitted,

KEOGH, COX & WILSON, LTD.
Post Office Box 1151
Baton Rouge, Louisiana 70821-1151
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

By:   s/John P. Wolff, III
JOHN P. WOLFF, III, T.A., #14504
NANCY B. GILBERT, #23095
*Attorneys for Federal Insurance Company*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2009, a copy of the foregoing Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following persons by operation of the court's electronic filing system:

Patrick J. McShane (pmcshane@frilot.com)
Kathleen M. Pontier (kpontier@frilot.com)
Robert I. Siegel (rsiegel@glllaw.com)

I also certify that no manual recipients are identified to receive this filing.

       s/John P. Wolff, III
       JOHN P. WOLFF, III